IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:17-cr-20178-JTF |
| ) | |
| COURTNEY BLAND, ) | |
| ) | |
| Defendant. ) | |

_____

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
TO DENY DEFENDANT'S MOTION TO SUPPRESS AND DENYING DEFENDANT'S
OBJECTIONS TO THE REPORT AND RECOMMENDATION
_____

Before the Court is Defendant Courtney Bland's Motion to Suppress filed on September 8, 2017, and the Government's Response filed on September 22, 2017. (ECF Nos. 19 and 20.) The Motion was referred to the Magistrate Judge, who held a hearing on the matter on November 3, 2017. (ECF Nos. 26.) On January 10, 2018, the Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Suppress suggesting that the Motion should be Denied because the search and resulting seizure occurred through a valid inventory search and was based on probable cause. (ECF No. 38, 10, 13.) The Defendant filed timely Objections to the Magistrate Judge's Report and Recommendation on January 25, 2017. (ECF No. 42.)

For the following reasons, the Court finds the Magistrate's Report and Recommendation should be ADOPTED and Defendant's Objections DENIED.

I.   FINDINGS OF FACT

In her Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 38, 1–6.)

## II.     LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar.

11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

### III.  ANALYSIS

The issues presented by the Motion are whether Detectives Atkins and Nash's search of Defendant's vehicle and seizure of items therein was permitted under the Fourth Amendment of the United States Constitution and whether Defendant's statements were obtained in violation of the Fifth and Fourteenth Amendments of the United States Constitution. (ECF No. 19, 3, 5; *see also* ECF No. 38, 6.)

  A. <u>Fourth Amendment</u>

The Magistrate Judge recommends the denial of Defendant's Motion to Suppress because the detective's request for Defendant to get out of the car, as a result of Defendant's nervousness, was a *de minimis* intrusion and that after seeing a firearm upon Defendant exiting the vehicle and hearing Defendant state he was a felon, the detectives had probable cause to believe Defendant committed the crime of being a felon in possession of a firearm. (ECF No. 38, 8–10.) Moreover, the Magistrate Judge found that any evidence found in Defendant's car and seized thereafter was the result of a valid inventory search. This Court agrees.

The Fourth Amendment of the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. The Fourth Amendment applies to government intrusions when a person has a reasonable expectation of privacy. *See Rakas v. Illinois*, 439 U.S. 128, 142–43 (1978). When the protections of the Fourth Amendment apply, a warrant is generally required absent the presence of an exception to the warrant requirement. *United States v. Garcia*, 496 F.3d 495, 508 (6th Cir. 2007).

In determining whether the Fourth Amendment's protections are implicated, the Court must look to the nature of the encounter between law enforcement and the individual citizen. *See United States v. Waldon*, 206 F.3d 597, 602 (6th Cir. 2000). The touchstone of an analysis under the Fourth Amendment is always "the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." *Terry v. Ohio*, 392 U.S. 1, 19 (1968); *see also Pa. v. Mimms*, 434 U.S. 106, 108–09 (1977). "Reasonableness, of course, depends 'on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.'" *Mimms*, 434 U.S. at 109 (quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975)).

The Court finds that Detective Atkins's request of Defendant to get out of his car was a *de minimis* intrusion, that the subsequent seizure of the firearm in Defendant's vehicle was based on probable cause, and that the evidence obtained from Defendant's vehicle thereafter was the result of a valid inventory search. Here, Detective Atkins initiated a traffic stop for the purpose of issuing a citation to Defendant for failure to wear his seat belt. Upon Atkins approaching Defendant's vehicle he noticed that Defendant was demonstrably nervous, so, before he was done issuing a traffic citation, he called for backup. The other Officer—Detective Nash— arrived within a few minutes and also found Defendant's behavior abnormal. Needing to issue a citation, Detective Atkins then instructed Defendant to step out of his vehicle, an action reasonably related to the original stop, *United States v. Geraldo Bonilla*, 357 Fed. Appx. 693 (6th Cir. 2013); *see Mimms*, 434 U.S. at 124 n.6 (1977) ("[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures.") Upon Defendant's exit, the Detectives immediately saw a firearm in the floor of the driver's area

near or on Defendant's foot. Defendant then exclaimed that the firearm was the reason for his nervousness, as he was a convicted felon. At that moment, the Detectives had probable cause to believe that Defendant had committed the crime of being a felon in possession of a firearm. Accordingly, the subsequent inventory search of Defendant's vehicle was valid and the evidence seized as a result did not amount to an unconstitutional seizure. Thus, this Court adopts the Magistrate Judge's Report and Recommendation holding that Defendant's Fourth Amendment rights were not violated by his arrest or by the search of his vehicle and that none of the evidence found thereafter constitutes fruit of the poisonous tree.

B. Fifth and Fourteenth Amendments

The Magistrate Judge found that Defendant's statements were not unconstitutionally obtained because Defendant was *Mirandized* before each statement; Defendant waived his *Miranda* rights before giving the statements; and the totality of the circumstances do not demonstrate that the statements were given involuntarily, unknowingly, or unintelligently. (ECF No. 38, 19, 13.) This Court agrees.

The Fifth Amendment to the United States Constitution prohibits an individual from being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Under *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), an individual who is "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning" must be provided information on certain procedural safeguards to protect his privilege against self-incrimination, i.e., the suspect must be *Mirandized*.

A suspect may elect to waive his *Miranda* rights if the waiver is made voluntarily, knowingly, and intelligently. *Miranda*, 384 U.S. at 444. The inquiry into whether a proper waiver was made has "two distinct dimensions":

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Moran v. Burbine*, 475 U.S. 412, 421 (1986).

The government bears the burden of demonstrating both that the *Miranda* warnings were properly provided and that a suspect voluntarily, knowingly, and intelligently waived his rights. *Miranda,* 384 U.S. at 479.

The Due Process Clause of the Fourteenth Amendment provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const., amend. XIV. With respect to confessions, the critical inquiry under the Due Process Clause is whether the confession was voluntarily given. The threshold to that determination is the requirement that the police did not extort the confession from the accused by means of coercive activity. *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988). Such coercive police activity is a necessary predicate to any finding that a confession is not voluntary for purposes of due process. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law. *Id.* at 164.

If it is established that coercive police activity was causally related to a defendant's confession, two further findings must be made before a due process violation may be found. *McCall*, 863 F.2d at 459. First, it is necessary to examine the defendant's state of mind "to determine whether the 'coercion' in question was sufficient to overbear the will of the accused." *Id.* Second, the defendant must prove that their will was in fact overborne because of the

6

coercive police activity. *Id.* If police misconduct was not the crucial motivating factor behind a defendant's decision to confess, the confession may not be suppressed. *Id*. (quoting *Connelly*, 479 U.S. at 163).

The Court finds that Defendant's statements were obtained by constitutional means in accordance with the Fifth and Fourteenth Amendments of the United States Constitution. Here, Defendant gave three statements. Although there is no documentation showing that Defendant was *Mirandized* before his first statement, Detective Nash testified that Defendant was read his *Miranda* rights before he was asked to provide the information, which is not refuted by the record. Even more, Defendant's first statement only conveyed personal background information, not facts particular to the instant criminal activity. As to Defendant's second and third statements, which did convey facts concerning the instant criminal activity, Defendant was read his *Miranda* rights before the second statement, which is documented, and executed a Rights Waiver Form before his third statement. Moreover, the totality of the circumstances demonstrate that, rather than being coerced into making a confession that was involuntary, unknowing, or unintelligent, Defendant sought to provide a confession to lessen the charges against him and/or any potential punishment he may face. *See McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988) (quoting *Connelly*, 479 U.S. at 163). Thus, the Court adopts the Magistrate Judge's Report and Recommendation holding that Defendant's statements comport with the Fifth Amendment's protections outlined in *Miranda* and with the Fourteenth Amendment's due process protections.

Objections

In his Objections to the Magistrate Judge's Report and Recommendation, Defendant lodges the following three objections to argue that any evidence seized and any statements made subsequently should be suppressed: (1) unlike the officer in *Mimms*, who had a practice of asking

drivers to step out of their vehicles, the officer here had no such policy or practice; (2) nervousness is not enough to amount to reasonable suspicion or to extend a stop alone; and (3) Defendant's confession was not made voluntarily. (ECF No. 42, 2–3.)

The Court finds that Defendant's argument that *Mimms* requires an officer to have a practice or policy of requesting suspects to exit their vehicle is not well-taken. Although the Court in *Mimms* noted that the officer had such a practice, *Mimms*, 434 U.S. at 110, the Court's reasoning was not predicated on such a practice or policy. *Id.* at 110–11. Additionally, Defendant's argument that nervousness is not enough to amount to reasonable suspicion or to extend a stop alone is not well-taken because neither served as the basis of reasonable suspicion here. Indeed, Detective Atkins asked Defendant to step out of the vehicle, due to Defendant's nervousness, while Atkins completed writing a citation. It was at that time that the Detectives observed a gun and heard Defendant say that he was a felon, both of which, together, gave rise to not only reasonable suspicion, but probable cause that Defendant had committed the crime of being a felon in possession of a firearm. Lastly, as to Defendant's third objection regarding the involuntariness of Defendant's statements, the Court reiterates, as articulated above, that the record does not support the conclusion that Defendant's statements were made involuntarily.

## IV. CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Suppress and **DENIES** Defendant's Objections thereto.

**IT IS SO ORDERED** on this 14th day of March 2018.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge